Catherine G. Armston v. Commissioner.
Catherine G. Armston v. Commissioner
Docket No. 14186.
United States Tax Court
1949 Tax Ct. Memo LEXIS 39; 8 T.C.M. (CCH) 1118; October 31, 1949
*39 LEECH
Memorandum Order and Decision LEECH, Judge: This proceeding came on for a hearing at Washington, D.C., on October 5, 1949, on respondent's motion to file a proposed amended answer to make the pleadings conform to the proof, and grant the increased deficiency claimed in respondents' proposed recomputation under Rule 50 filed concurrently therewith; and upon petitioner's proposed recomputation of the deficiency for the taxable year 1943. Petitioner opposes the granting of the respondent's motion to file the proposed amended answer and the granting of an order increasing the deficiency, on the grounds that the motion is not one to merely conform the pleadings to the proof, but raises a new issue not heretofore presented and is not timely, since it is made subsequent to the opinion of the Court promulgated herein March 31, 1949 (12 T.C. 539). The instant case was consolidated with the case of W. H. Armston Co., Inc., Docket No. 14187. The respondent determined a deficiency in the instant case for the calendar year 1943 in the amount of $1,473.26. The proposed deficiency in respondent's proposed recomputation under Rule 50 is in the amount of $15,041.02. *40 The increase results from respondent's inclusion in petitioner's gross income for 1943 as computed in his deficiency notice of the additional amount of $17,833.22, which is the allowance for depreciation which respondent has allowed in his proposed recomputation under Rule 505 to the W. H. Armston Co., Inc., in the companion case. We think the respondent's motion is timely under Rule 50 of this Court and the provisions of section 272 (e) of the Internal Revenue Code unless it in fact raises a new issue. Commissioner v. Ray, 88 Fed. (2d) 891; certiorari denied, 301 U.S. 711; Olds & Whipple, Inc. v. United States, 22 Fed. Supp. 809; cf. Commissioner v. West Production Co., 121 Fed. (2d) 9; certiorari denied, 314 U.S. 682. Respondent concedes that if a new issue is raised its claim for an increased deficiency is not timely. Davison v. Commissioner, 60 Fed. (2d) 50; State Consolidated Oil Co. v. Commissioner, 66 Fed. (2d) 648; certiorari denied, 290 U.S. 704. Among the issues raised and litigated by petitioner, as set forth in paragraph 4(c) of her petition, *41 is the following: "The Commissioner erred in his failure to exclude income amounting to $46,146.07 from the petitioner's 1943 income." In setting forth facts which petitioner claims support the assignment of error contained in paragraph 4(c), the petition states: "During the year 1943 the petitioner received gross rents for the use of equipment rented amounting to $66,032.45. Certain expenses were incurred and paid in connection with the said rental equipment including depreciation which deductions amounted to $19,886.38, leaving a net rental income from equipment of $46,146.07, which amount was reported as income by the petitioner and an income tax paid thereon in 1943." Petitioner contends that the pleadings put in issue only the net rental payments and not the gross rental payments. We think that view is too narrow. We regard the assignment of error contained in paragraph 4 (c) as putting in issue the taxable income of petitioner for 1943, which the record established. In our findings of fact and opinion promulgated herein, we said: "* * * The payments which she received from the corporation were, as we have held, in fact distributions of corporate earnings to her and *42 were made without restriction upon her right to use and enjoy the same. That, therefore, constituted taxable income to her. We therefore sustain the respondent's determination in including such amounts in her income." The respondent's motion to file an amended answer and for an increased deficiency is timely and proper. It appears that the recomputation filed by the respondent is in accordance with the Court's opinion promulgated March 31, 1949. Therefore, it is ORDERED: That the respondent's motion be and the same is hereby granted; and it is ORDERED AND DECIDED: That there is a deficiency in income tax for the year 1943 in the amount of $15,041.02.